[S. F. No. 2.   Department Two.—July 16, 1896.]

## CLARENCE J. WETMORE, ASSIGNEE, ETC., APPELLANT, v. THE C. A. WETMORE CO., RESPONDENT.

CONSTRUCTION OF CONTRACT—CONSIDERATION—SERVICES OF SUPERINTEND-
ENT OF CORPORATION—ACTION BY ASSIGNEE IN INSOLVENCY.—A con-
tract between a corporation and its superintendent that his personal
supervision was to be given to the business of the company in consid-
eration of the purchase of thirteen hundred shares of its stock by a
third person, and the payment of ten thousand dollars therefor, is to
be construed as precluding any other consideration for the services; and
the assignee in insolvency of the superintendent can recover nothing for
any services rendered by him under such contract.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order
denying a new trial.   CHARLES W. SLACK, Judge.

The facts are stated in the opinion of the court.

*George W. Towle, Jr.,* and *T. C. Van Ness,* for Appel-
lant.

*Craig & Meredith,* for Respondent.

VANCLIEF, C.—C. A. Wetmore having been adjudged
an insolvent debtor, the plaintiff, Clarence J. Wetmore,
was elected assignee, and to him all the insolvent's prop-
erty was assigned in accordance with the provisions of
the Insolvent Act of 1880.

Plaintiff alleges in his complaint that, at the time of
the assignment, the defendant was indebted to said in-
solvent in the sum of two thousand five hundred dol-
lars for personal services of the latter from July 16
until December 21, 1891, in superintending defendant's
winery and manufacturing wines; that such indebted-
ness passed to plaintiff by said assignment and has not
been paid, and prays that he may have judgment against
the defendant for said sum.

The answer of the defendant denies that defendant
employed Charles A. Wetmore to perform any services
whatever, and denies that he performed any services

for the defendant, except such as he performed under and in accordance with the following written contract:

"SAN FRANCISCO, July 16, 1891.

"In consideration of the purchase of thirteen hundred shares of the capital stock of the C. A. Wetmore Company by C. K. Kirby, and the payment of ten thousand dollars by said Kirby, I hereby agree to give my personal supervision to the business of the company, attend to the selection of the materials, the making, blending, bottling, and selling of all wines connected with the wine business for and during the full period of five years from the date hereof, for the sole benefit of said company, and that I will not engage in or use any of my skill or knowledge in the wine business, in any form whatever, for the benefit of myself or any party or parties other than the above-named company, or their successors, during the full period of the time above mentioned.

"(Signed)    CHARLES A. WETMORE.

"Witness: Maurice Clark."

(Indorsed across the face of original as follows):

"Accepted by the C. A. Wetmore Company by C. K. Kirby, business manager.

"This is a true copy.

"MAURICE CLARK."

Admits that Charles A. Wetmore performed such services as required of him by said contract until December 21, 1891, and alleges that on said twenty-first day of December, 1891, said contract was canceled and annulled, and that each party thereto was then released from all obligations thereby incurred.

The findings by the court upon all the material issues of fact were in favor of the defendant, and the judgment was in accordance with the findings of fact.

The plaintiff has appealed from the judgment, and also from the order denying his motion for a new trial.

No point is made by appellant on the appeal from the judgment; nor is any error in law specified or com-

plained of, even by implication, except that the court erred in its construction of the contract of July 16, 1891. As to insufficiency of the evidence, the only points made or specified in the statement are the following:

"(a) There is no evidence to show that said Charles A. Wetmore, ever, either with said Kirby as an individual, or with him as business · manager of said C. A. Wetmore Co., agreed to render services to C. A. Wetmore Co. without being paid therefor the reasonable value of the same.

"(b) There is no evidence to show that any agreement was ever made or entered into between said Charles A. Wetmore and the C. A. Wetmore Co., relating to the services of said Wetmore to said company, save the contract of July 16, 1891.

"(c) That under the contract of July 16, 1891, Charles A. Wetmore is entitled to compensation for services rendered in pursuance thereof."

From these specifications, as well as from the brief of counsel for appellant, it is manifest that the only matter in controversy here is the question whether or not the court below misconstrued the contract of July 16, 1891, to the prejudice of appellant.

By the plain and unambiguous terms of that contract the appellant agreed to perform the services, the reasonable value of which he seeks to recover, "in consideration of the purchase of thirteen hundred shares of the capital stock of the C. A. Wetmore Company by C. K. Kirby, and the payment of ten thousand dollars by said Kirby." It is not questioned that Kirby purchased the stock, nor that he paid the ten thousand dollars; and it is admitted that plaintiff performed the services under that contract, and that there was no other contract between the parties relating to the services of the plaintiff.

I think the court correctly concluded that plaintiff was entitled to no other consideration for his services than that stated in the contract, and for which he expressly agreed to perform them. Besides, the evidence

clearly shows that both parties to the contract so construed and acted upon it until December 14, 1891 (seven days prior to the cancellation thereof), and that on December 21, 1891, the contract was canceled and a settlement made with plaintiff by another contract, which, among other things, contains the following: " That certain other agreement between said parties, dated July 16, 1891, relating to the services of the party of the first part (C. A. Wetmore), in said corporation, is canceled, set aside, and annulled, and each of said parties and said corporation is discharged of and from each and every obligation on him or it binding by the terms thereof."

I think the judgment and order should be affirmed.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.